skip to main content

Print

## CASE INFORMATION

### CV-19-914040 PAUL RUNEVITCH vs. RED HEAD BRASS, LLC, ET AL.

### Docket Information

| Filing Date | Docket Party | Docket Type | Docket Description | View Image |
|---|---|---|---|---|
| 05/21/2019 | N/A | SR | FEDEX RECEIPT NO. 38623330 DELIVERED BY FEDEX 05/20/2019 RHBA ACQUISITION, LLC PROCESSED BY COC 05/21/2019. | |
| 05/21/2019 | N/A | SR | FEDEX RECEIPT NO. 38623329 DELIVERED BY FEDEX 05/20/2019 RED HEAD BRASS, LLC PROCESSED BY COC 05/21/2019. | |
| 05/15/2019 | D2 | CS | WRIT FEE | |
| 05/15/2019 | N/A | SR | SUMMONS E-FILE COPY COST | |
| 05/15/2019 | N/A | SR | SUMMONS E-FILE COPY COST | |
| 05/15/2019 | D2 | SR | SUMS COMPLAINT(38623330) SENT BY FEDERAL EXPRESS. TO: RHBA ACQUISITION, LLC 643 LEGION DRIVE SHREVE, OH 44676-0000 | 📄 |
| 05/15/2019 | D1 | CS | WRIT FEE | |
| 05/15/2019 | D1 | SR | SUMS COMPLAINT(38623329) SENT BY FEDERAL EXPRESS. TO: RED HEAD BRASS, LLC 643 LEGION DRIVE SHREVE, OH 44676-0000 | 📄 |
| 05/15/2019 | P1 | SR | REQUEST FOR SERVICE FILED INSTRUCTIONS FOR SERVICE WITH COMPLAINT | 📄 |
| 05/01/2019 | N/A | SR | FX RECEIPT NO. 38362710 RETURNED 4/22/2019 FAILURE OF SERVICE ON PARTY RHBA ACQUISITION, LLC - BAD ADDRESS AFTER 8 DAYS | |
| 04/28/2019 | N/A | SR | FX RECEIPT NO. 38362709 RETURNED 4/19/2019 FAILURE OF SERVICE ON PARTY RED HEAD BRASS, LLC - BAD ADDRESS AFTER 8 DAYS | |
| 04/17/2019 | N/A | SR | SUMMONS E-FILE COPY COST | |
| 04/17/2019 | N/A | SR | SUMMONS E-FILE COPY COST | |
| 04/17/2019 | D2 | CS | WRIT FEE | |
| 04/17/2019 | D2 | SR | SUMS COMPLAINT(38362710) SENT BY FEDERAL EXPRESS. TO: RHBA ACQUISITION, LLC C/O ITS SA CT CORPORATION SYSTEM 17 SOUTH HIGH STREET COLUMBUS, OH 43215 | 📄 |
| 04/17/2019 | D1 | CS | WRIT FEE | |
| 04/17/2019 | D1 | SR | SUMS COMPLAINT(38362709) SENT BY FEDERAL EXPRESS. TO: RED HEAD BRASS, LLC C/O ITS SA CT CORPORATION SYSTEM 17 SOUTH HIGH STREET COLUMBUS, OH 43215 | 📄 |
| 04/17/2019 | N/A | SF | JUDGE KATHLEEN ANN SUTULA ASSIGNED (RANDOM) | |
| 04/17/2019 | P1 | SF | LEGAL RESEARCH | |
| 04/17/2019 | P1 | SF | LEGAL NEWS | |
| 04/17/2019 | P1 | SF | LEGAL AID | |
| 04/17/2019 | P1 | SF | COURT SPECIAL PROJECTS FUND | |
| 04/17/2019 | P1 | SF | COMPUTER FEE | |

EXHIBIT

A

ALL-STATE LEGAL

Case: 1:19-cv-01342-DAP  Doc #: 1-1  Filed: 06/10/19  2 of 19.  PageID #: 6

| | | | | |
|---|---|---|---|---|
| 04/17/2019 | P1 | SF | CLERK'S FEE | |
| 04/17/2019 | P1 | SF | DEPOSIT AMOUNT PAID THORMAN, PETROV GROUP CO., L.P.A. | |
| 04/17/2019 | N/A | SF | CASE FILED: COMPLAINT | 📄 |

Only the official court records available from the Cuyahoga County Clerk of Courts, available in person, should be relied upon as accurate and current.
Website Questions or Comments.
Copyright © 2019 PROWARE. All Rights Reserved. 1.1.228



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

**Court of Common Pleas**

**New Case Electronically Filed:**
**April 17, 2019 09:26**

By: DANIEL P. PETROV 0074151

Confirmation Nbr. 1683225

PAUL RUNEVITCH                           CV 19 914040

vs.

RED HEAD BRASS, LLC, ET AL.          **Judge:**  KATHLEEN ANN SUTULA

**Pages Filed:**  8



IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| **PAUL RUNEVITCH,** ) | CASE NO. |
| 365 Wallace Drive ) | |
| Berea, OH 44017 ) | |
| ) | JUDGE |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| **RED HEAD BRASS, LLC,** ) | **COMPLAINT** |
| c/o its statutory agent, ) | |
| CT Corporation System ) | **Plaintiff demands a trial by jury on all** |
| 17 South High Street ) | **issues triable of right by a jury, pursuant** |
| Columbus, OH 43215 ) | **to Ohio R. Civ. P. 38.** |
| ) | |
| and ) | |
| ) | |
| **RHBA ACQUISITION, LLC** ) | |
| c/o its statutory agent ) | |
| CT Corporation System ) | |
| 17 South High Street ) | |
| Columbus, OH 43215 ) | |
| ) | |
| Defendants. | |

## INTRODUCTION

1.     Plaintiff Paul Runevitch ("Mr. Runevitch" or "Plaintiff") brings this action against Defendants Red Head Brass, LLC and RHBA Acquisition, LLC ("Defendant") for claims including violations of Chapter 4112 of the Ohio Revised Code and the Family and Medical Leave Act, 29 U.S.C. Section 2601, et seq. (the "FMLA").

2.     Plaintiff is an Ohio citizen, and a resident of Cuyahoga County, Ohio.

3.      Defendant has its principal place of business in Shreve, Ohio, and regularly conducts business in the State of Ohio.

4.      Plaintiff is an "employee" within the meaning of Chapter 4112 of the Ohio Revised Code and the FMLA

5.      Defendant is a "person" and "employer" within the meaning of Chapter 4112 of the Ohio Revised Code and the FMLA.

6.      Jurisdiction and venue are proper.

**FACTS APPLICABLE TO ALL CAUSES OF ACTION**

7.      Plaintiff incorporates by reference the allegations from the preceding paragraphs as if fully re-alleged herein.

8.      Defendant hired Mr. Runevitch in or about 1994.

9.      At all times relevant to this Complaint, Plaintiff was able to perform and did successfully perform the duties and responsibilities of the position(s) he held.

10.      During his employment, Plaintiff engaged in protected activity within the meaning of Chapter 4112 of the Ohio Revised Code and the FMLA, including by seeking accommodation and medical leave for a disabling medical condition during his employment.

11.      Defendant was aware of Plaintiff's health, medical conditions, and protected activity.

12.      On or about October 29, 2018, Defendant terminated Plaintiff's employment.

13.      Defendant did not terminate Plaintiff for any reasons related to his qualifications, work performance, adherence to company policy or practice, or for just cause.

14.      Defendant refused to reinstate, rehire, transfer or reassign Plaintiff to available positions for which he was qualified.

## FIRST CAUSE OF ACTION
### (Age Discrimination in Violation of R.C. § 4112.02)

15.     Plaintiff incorporates by reference the previous paragraphs as if fully re-alleged herein.

16.     At all times relevant hereto, Plaintiff was over the age of forty (40).

17.     Defendant replaced Plaintiff with a substantially younger employee(s) and/or transferred Plaintiff's work to a substantially younger employee(s).

18.     Defendant unlawfully discriminated against Plaintiff because of his age, with respect to the terms and conditions of his employment, including, but not limited to, unfairly and discriminatorily scrutinizing and evaluating his work; subjecting him to false and discriminatory performance assessments and criticisms; deviating from established progressive discipline practices, policies and procedures; imposing disparate and discriminatory standards and measures of performance and behavior; reprimanding him for conduct that his younger counterparts were not reprimanded for; terminating him from his position; and, refusing to transfer, re-assign or rehire Plaintiff to his former position or to other open positions for which he was qualified.

19.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered and will continue to suffer economic and non-economic compensatory damages including, but not limited to, back pay, front pay, past and future economic losses, lost earning capacity, pain and suffering, and the loss of salary, benefits, and other privileges and conditions of employment.

20.     Defendant intentionally, willfully, wantonly, recklessly, and maliciously violated Plaintiff's rights under R.C. §§ 4112.02 and 4112.99. Pursuant to R.C. §§ 4112.02 and 4112.99, Defendant is liable to Plaintiff for past and future economic and non-economic compensatory

damages, back pay, front pay, punitive damages, attorneys' and expert fees, costs, interest, and any equitable relief that this Court deems appropriate, including, but not limited to, re-employment and promotion.

## SECOND CAUSE OF ACTION
### (Disability Discrimination in Violation of R.C. Chapter 4112)

21.     Plaintiff incorporates by reference the previous paragraphs as if fully re-alleged herein.

22.     At all times relevant hereto, Plaintiff suffered from one or more disabling medical conditions that substantially limited him in one or more major life activities.

23.     Defendant knew of Plaintiff's disabilities and his record of disability, and/or regarded him as disabled during his employment.

24.     Plaintiff requested reasonable accommodation(s) for his medical condition during the course of his employment.

25.     Defendant unlawfully discriminated against Plaintiff because of his disability, with respect to the terms and conditions of his employment, including, but not limited to, unfairly and discriminatorily scrutinizing and evaluating his work; subjecting him to unwelcome harassment and a hostile work environment; refusing to provide him reasonable accommodation; subjecting him to false and discriminatory performance assessments and criticisms; deviating from established progressive discipline practices, policies and procedures; imposing disparate and discriminatory standards and measures of performance and behavior; reprimanding him for conduct for which his younger counterparts were not reprimanded; terminating him from his position; and, refusing to transfer, re-assign or rehire Plaintiff to his former position or to other open positions for which he was qualified.

26.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered and will continue to suffer economic and non-economic compensatory damages including, but not limited to, back pay, front pay, past and future economic losses, lost earning capacity, pain and suffering, and the loss of salary, benefits, and other privileges and conditions of employment.

27.     Defendant intentionally, willfully, wantonly, recklessly, and maliciously violated Plaintiff's rights under R.C. §§ 4112.02 and 4112.99. Pursuant to R.C. §§ 4112.02 and 4112.99, Defendant is liable to Plaintiff for past and future economic and non-economic compensatory damages, back pay, front pay, punitive damages, attorneys' and expert fees, costs, interest, and any equitable relief that this Court deems appropriate, including, but not limited to, re-employment and promotion.

### THIRD CAUSE OF ACTION
### (Retaliation in Violation of R.C. Chapter 4112)

28.     Plaintiff incorporates by reference the previous paragraphs as if fully re-alleged herein.

29.     Plaintiff engaged in protected activity during his employment by conduct including but not limited to opposing Defendant's conduct and seeking and taking reasonable accommodation for a disability.

30.     Defendant failed to take prompt, remedial, and appropriate steps to address the unlawful discriminatory treatment of Plaintiff.

31.     Defendant retaliated against Plaintiff because of his protected conduct in violation of Chapter 4112 of the Ohio Revised Code, including by refusing to investigate and address his concerns; subjecting him to a hostile work environment; unfairly changing the terms, conditions and privileges of his employment; denying him opportunities that were given to candidates who

did not engage in protected activity; undermining his professional relationships; terminating his employment; and refusing to transfer or re-assign Plaintiff to his former position or to other open positions for which he was qualified.

32.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered and will continue to suffer past and future economic and non-economic damages, including, but not limited to, back pay, front pay, past and future economic losses, lost earning capacity, pain and suffering, and the loss of salary, benefits, and other privileges and conditions of employment.

33.     Defendant's discriminatory actions against Plaintiff in violation of R.C. § 4112.02(I) were willful, in bad faith, conducted with malicious purpose, or conducted in a wanton or reckless manner.  Pursuant to R.C. §§ 4112.02 and 4112.99, Defendant is liable to Plaintiff for past and future economic and non-economic compensatory damages, back pay, front pay, punitive damages, attorneys' and expert fees, costs, interest, and any equitable relief that this Court deems appropriate, including, but not limited to, re-employment and promotion.

## FOURTH AND FIFTH CAUSES OF ACTION

### (Family and Medical Leave Act Interference and Retaliation)

34.     Plaintiff incorporates by reference the foregoing as if fully re-alleged herein.

35.     During the course of his employment, Plaintiff suffered from one or more serious health conditions within the meaning of 29 U.S.C. § 2611.

36.     Defendant knew of Plaintiff's serious health condition(s) and the medical necessity of Plaintiff taking medical leave for treatment.

37.     At all times relevant hereto, Plaintiff was an eligible employee within the meaning of 29 U.S.C. § 2611.

38.     Plaintiff provided Defendant with notice of her need for leave as was practicable under the circumstances.

39.     Defendant interfered with Plaintiff's FMLA leave, and terminated Plaintiff's employment because he had requested and taken a period of leave to which he was entitled under the FMLA.

40.     Defendant refused to consider Plaintiff for reinstatement to his former position and other open positions for which he was qualified because he had requested and taken a period of leave to which he was entitled under the FMLA.

41.     Defendant's aforementioned conduct was undertaken, in whole or in part, in interference of and retaliation for Plaintiff's exercise of rights under the FMLA in violation of 29 U.S.C. § 2615, for which Defendant is liable for economic damages, pre-judgment interest, and attorneys' fees and costs in accordance with 29 U.S.C. § 2617.

42.     Defendant's conduct was not undertaken in good faith and renders Defendant liable for liquidated damages and related costs and expenses in accordance with 29 U.S.C. § 2617.

## PRAYER FOR RELIEF

Plaintiff Paul Runevitch seeks an amount in excess of $25,000 to fully, fairly and justly compensate his for injury, damage and loss, and respectfully prays that this Court enter judgment in his favor and award his past and future economic and non-economic compensatory damages, fringe benefits, consequential damages, incidental damages, punitive damages, liquidated damages, interest, attorneys' fees, all fees and costs, and any additional equitable relief that the

Court deems appropriate, including, but not limited to, back pay, front pay, reinstatement and promotion.

Respectfully submitted,

/s/Daniel P. Petrov
DANIEL P. PETROV (0074151)
dpetrov@tpgfirm.com
CHRISTOPER P. THORMAN (0056013)
cthorman@tpgfirm.com

THORMAN PETROV GROUP CO., LPA
50 E. Washington St.
Cleveland, Ohio 44022
Tel. (216) 621–3500
Fax (216) 621–3422

*Attorneys for Plaintiff Paul Runevitch*

**COURT OF COMMON PLEAS, CUYAHOGA COUNTY JUSTICE CENTER**
**CLEVELAND, OHIO 44113**

| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV19914040 | D1 FX | 38362709 |

Rule 4 (B) Ohio

Rules of Civil
Procedure

PAUL RUNEVITCH                    **PLAINTIFF**
        **VS**
RED HEAD BRASS, LLC, ET AL.       **DEFENDANT**

**SUMMONS**

RED HEAD BRASS, LLC
C/O ITS SA CT CORPORATION SYSTEM
17 SOUTH HIGH STREET
COLUMBUS OH 43215

You have been named defendant in a sums
complaint (copy attached hereto) filed in Cuyahoga
County Court of Common Pleas, Cuyahoga County
Justice Center, Cleveland, Ohio 44113, by the
plaintiff named herein.

You are hereby summoned and required to answer
the complaint within 28 days after service of this
summons upon you, exclusive of the day of service.

Said answer is required to be served on:



Said answer is required to be served on Plaintiff's
Attorney (Address denoted by arrow at left.)

Plaintiff's Attorney

DANIEL P PETROV
50 E. WASHINGTON ST.

CLEVELAND, OH 44022

Your answer must also be filed with the court
within 3 days after service of said answer on
plaintiff's attorney.

If you fail to do so, judgment by default will be
rendered against you for the relief demanded in the
complaint.

Case has been assigned to Judge:

KATHLEEN ANN SUTULA
**Do not contact judge. Judge's name is given for
attorney's reference only.**



**NAILAH K. BYRD**
Clerk of the Court of Common Pleas

*Sarah Kirk*

By_____
                Deputy

| DATE SENT |
|---|
| Apr 17, 2019 |

COMPLAINT FILED    04/17/2019

CMSN130

**SUMMONS IN A CIVIL ACTION - COURT OF COMMON PLEAS, CUYAHOGA COUNTY JUSTICE CENTER**

CLEVELAND, OHIO 44113

| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV19914040 | D2 FX | 38362710 |

Rule 4 (B) Ohio

Rules of Civil
Procedure

PAUL RUNEVITCH    **PLAINTIFF**
**VS**
RED HEAD BRASS, LLC, ET AL.    **DEFENDANT**

**SUMMONS**

RHBA ACQUISITION, LLC
C/O ITS SA CT CORPORATION SYSTEM
17 SOUTH HIGH STREET
COLUMBUS OH 43215

You have been named defendant in a sums
complaint (copy attached hereto) filed in Cuyahoga
County Court of Common Pleas, Cuyahoga County
Justice Center, Cleveland, Ohio 44113, by the
plaintiff named herein.

You are hereby summoned and required to answer
the complaint within 28 days after service of this
summons upon you, exclusive of the day of service.

Said answer is required to be served on:



Said answer is required to be served on Plaintiff's
Attorney (Address denoted by arrow at left.)

Your answer must also be filed with the court
within 3 days after service of said answer on
plaintiff's attorney.

Plaintiff's Attorney

DANIEL P PETROV
50 E. WASHINGTON ST.

CLEVELAND, OH 44022

If you fail to do so, judgment by default will be
rendered against you for the relief demanded in the
complaint.

Case has been assigned to Judge:

KATHLEEN ANN SUTULA
Do not contact judge. Judge's name is given for
attorney's reference only.

**NAILAH K. BYRD**
Clerk of the Court of Common Pleas

| DATE SENT |
|---|
| Apr 17, 2019 |

By_____
Deputy

COMPLAINT FILED    04/17/2019



CMSN130



CV19914040                    108738103



## NAILAH K. BYRD
### CUYAHOGA COUNTY CLERK OF COURTS
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

### REQUEST FOR SERVICE
May 15, 2019 09:59

By: DANIEL P. PETROV 0074151

Confirmation Nbr. 1710014

PAUL RUNEVITCH                              CV 19 914040

vs.

RED HEAD BRASS, LLC, ET AL.          **Judge:** KATHLEEN ANN SUTULA

**Pages Filed:** 1



Common Pleas Court of Cuyahoga County, Ohio
**Nailah K. Byrd, Clerk of Courts**

## INSTRUCTIONS FOR SERVICE

Paul Runevitch
Plaintiff(s)

Case Number 19-914040

Judge: Kathleen A. Sutula

Vs.
Red Head Brass, LLC, et al.
Defendants(s)

Date: 5-15-2019

Method of Service Requested:

Certified Mail Service ☐ Ordinary Mail Service ☐ Federal Express Service ☑

Personal Service by the Sheriff of _____ County ___

Residence Service by the Sheriff of _____ County ___

Personal Service By Process Server ____

Residence Service by Process Server ____

Name(s) and Address(es) of Parties to Serve:

Please serve the attached Complaint on the following Defendants at the addresses listed below:

| Red Head Brass | RHBA Aquisitions, LLC |
| Dave Hooper | RHB Aquisition, LLC |
| 643 Legion Dr., Shreve, OH 44676 | 643 Legion Dr., Shreve, OH 44676 |

Additional Instructions:

_____

_____

Filing Party Name: Daniel P. Petrov  Supreme Court ID if applicable: 0074151

Phone Number: 216-621-3500

*For Use by Sheriff or Process Server Only*

Number of Service Attempts: _____

Address for Service If Different from address Included above: _____

**SUMMONS IN A CIVIL ACTION — COURT OF COMMON PLEAS, CUYAHOGA COUNTY JUSTICE CENTER**
**CLEVELAND, OHIO 44113**

| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV19914040 | D1 FX | 38623329 |

Rule 4 (B) Ohio

Rules of Civil
Procedure

| PAUL RUNEVITCH | **PLAINTIFF** |
|---|---|
| **VS** | |
| RED HEAD BRASS, LLC, ET AL. | **DEFENDANT** |

**SUMMONS**

RED HEAD BRASS, LLC
C/O DAVE HOOPER
643 LEGION DRIVE
SHREVE OH 44676-0000

You have been named defendant in a sums
complaint (copy attached hereto) filed in Cuyahoga
County Court of Common Pleas, Cuyahoga County
Justice Center, Cleveland, Ohio 44113, by the
plaintiff named herein.

You are hereby summoned and required to answer
the complaint within 28 days after service of this
summons upon you, exclusive of the day of service.

**Said answer is required to be served on:**



Plaintiff's Attorney

DANIEL P PETROV
50 E. WASHINGTON ST.

CLEVELAND, OH 44022

Said answer is required to be served on Plaintiff's
Attorney (Address denoted by arrow at left.)

Your answer must also be filed with the court
within 3 days after service of said answer on
plaintiff's attorney.

If you fail to do so, judgment by default will be
rendered against you for the relief demanded in the
complaint.

Case has been assigned to Judge:

KATHLEEN ANN SUTULA
**Do not contact judge. Judge's name is given for
attorney's reference only.**

**NAILAH K. BYRD**
Clerk of the Court of Common Pleas

By_____
Deputy

| DATE SENT |
|---|
| May 15, 2019 |

COMPLAINT FILED    04/17/2019



CMSN130



May 21,2019

Dear Customer:

The following is the proof-of-delivery for tracking number **787268482162**.

---

**Delivery Information:**

| | | | |
|---|---|---|---|
| Status: | Delivered | Delivered to: | Receptionist/Front Desk |
| Signed for by: | T.EVANS | Delivery location: | 643 LEGION DRIVE |
| | | | SHREVE, OH 44676 |
| Service type: | FedEx Express Saver | Delivery date: | May 20, 2019 14:06 |
| Special Handling: | Deliver Weekday | | |
| | Direct Signature Required | | |



---

**Shipping Information:**

| | | | |
|---|---|---|---|
| Tracking number: | 787268482162 | Ship date: | May 15, 2019 |
| | | Weight: | 0.5 lbs/0.2 kg |

| | |
|---|---|
| **Recipient:** | **Shipper:** |
| RED HEAD BRASS, LLC | CCoC |
| C/O DAVE HOOPER | 1200 Ontario |
| 643 LEGION DRIVE | Cleveland, OH 44113 US |
| SHREVE, OH 44676 US | |
| **Reference** | CV19914040 |
| **Invoice number** | 38623329 |

Thank you for choosing FedEx.

CV19914040 / 38623329 / RED HEAD BRASS, LLC / 2019-5-21 05:18

**SUMMONS IN A CIVIL ACTION** — **COURT OF COMMON PLEAS, CUYAHOGA COUNTY JUSTICE CENTER**
CLEVELAND, OHIO 44113

| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV19914040 | D2 FX | 38623330 |

Rule 4 (B) Ohio

Rules of Civil
Procedure

PAUL RUNEVITCH                    **PLAINTIFF**
            **vs**
RED HEAD BRASS, LLC, ET AL.       **DEFENDANT**

**SUMMONS**

RHBA ACQUISITION, LLC
643 LEGION DRIVE
SHREVE OH 44676-0000

You have been named defendant in a sums
complaint (copy attached hereto) filed in Cuyahoga
County Court of Common Pleas, Cuyahoga County
Justice Center, Cleveland, Ohio 44113, by the
plaintiff named herein.

Said answer is required to be served on:



You are hereby summoned and required to answer
the complaint within 28 days after service of this
summons upon you, exclusive of the day of service.

Plaintiff's Attorney

Said answer is required to be served on Plaintiff's
Attorney (Address denoted by arrow at left.)

DANIEL P PETROV
50 E. WASHINGTON ST.

CLEVELAND, OH 44022

Your answer must also be filed with the court
within 3 days after service of said answer on
plaintiff's attorney.

If you fail to do so, judgment by default will be
rendered against you for the relief demanded in the
complaint.

Case has been assigned to Judge:

KATHLEEN ANN SUTULA
**Do not contact judge. Judge's name is given for
attorney's reference only.**

NAILAH K. BYRD
Clerk of the Court of Common Pleas

*Betty M. Boyer*

By_____
Deputy

| DATE SENT |
|---|
| May 15, 2019 |

COMPLAINT FILED   04/17/2019



CMSN130



May 21,2019

Dear Customer:

The following is the proof-of-delivery for tracking number **787268482563**.

---

### Delivery Information:

| | | | |
|---|---|---|---|
| Status: | Delivered | Delivered to: | Receptionist/Front Desk |
| Signed for by: | T.EVANS | Delivery location: | 643 LEGION DRIVE |
| | | | SHREVE, OH 44676 |
| Service type: | FedEx Express Saver | Delivery date: | May 20, 2019 14:06 |
| Special Handling: | Deliver Weekday | | |
| | Direct Signature Required | | |



---

### Shipping Information:

| | | | |
|---|---|---|---|
| Tracking number: | 787268482563 | Ship date: | May 15, 2019 |
| | | Weight: | 0.5 lbs/0.2 kg |

| Recipient: | Shipper: |
|---|---|
| RHBA ACQUISITION, LLC | CCoC |
| 643 LEGION DRIVE | 1200 Ontario |
| SHREVE, OH 44676 US | Cleveland, OH 44113 US |
| Reference | CV19914040 |
| Invoice number | 38623330 |

Thank you for choosing FedEx.

CV19914040 / 38623330 / RHBA ACQUISITION, LLC / 2019-5-21 05:19